FILED
2009 Sep-30 PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CV-09-JEO-1949-W |
| Plaintiff, | ) ) | CIVIL ACTION NO._____ |
| v. | ) ) ) | C O M P L A I N T |
| GILCO CONTRACTING, INC., | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, and the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Nicole Danford and Tracy Taylor, who were adversely affected by the unlawful practices described with greater particularity in paragraphs six (6) through fourteen (14) below. Defendant discriminated against Nicole Danford and Tracy Taylor by discharging them because of their sex (female).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Northern District of Alabama, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Gilco Contracting Inc., (the "Employer") has continuously been an Alabama corporation doing business in the State of Alabama and the City of Tuscaloosa and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Nicole Danford and Tracy Taylor filed charges of discrimination with the Commission alleging that Defendant violated Title VII by terminating their employment on the basis of sex. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about April 30, 2008, the Defendant Employer engaged in unlawful employment practices at its Tuscaloosa County, Alabama location, in violation of § 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a) by discharging Nicole Danford and Tracy Taylor because of their sex, female.

8. Nicole Danford and Tracy Taylor, both female, were observed at Defendant Employer's Tuscaloosa work site by a manager visiting the project on April 30, 2008. On instructions of the manager, the employment of each was immediately terminated.

9. Both Nicole Danford and Tracy Taylor were qualified for the positions they were performing and also were performing their jobs satisfactorily at the time. The adverse personnel action was not taken based upon performance reasons.

10. Similarly situated male employees at the site on that occasion received dissimilar treatment and were not terminated. Sufficient evidence exists to infer a nexus or causal connection between sex and the disparate treatment.

11. The positions formerly held by Nicole Danford and Tracy Taylor were later filled by male employees.

12. The effect of the practices complained of above has been to deprive Nicole Danford and Tracy Taylor of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

13. The unlawful employment practices complained of above were intentional.

14. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Nicole Danford and Tracy Taylor.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices that discriminate on the basis of sex (female).

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Nicole Danford by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, reinstatement or front pay in lieu thereof.

D.      Order Defendant to make whole Tracy Taylor by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, reinstatement or front pay in lieu thereof.

E.      Order Defendant Employer to make whole Nicole Danford by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above including, but not limited to, compensation for job search and medical expenses, in amounts to be determined at trial.

F.      Order Defendant Employer to make whole Tracy Taylor by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above including, but not limited to, compensation for job search and medical expenses, in amounts to be determined at trial.

G.      Order Defendant Employer to make whole Nicole Danford by providing compensation for past and future non-pecuniary losses, resulting from the unlawful employment practices complained of above including, but not limited to, emotional pain, suffering, loss of enjoyment of life, inconvenience, and humiliation, in amounts to be determined at trial.

H.      Order Defendant Employer to make whole Tracy Taylor by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above including, but not limited to, emotional pain, suffering, loss of enjoyment of life, inconvenience, and humiliation, in amounts to be determined at trial.

I. Order Defendant to pay Nicole Danford punitive damages for its malicious and reckless conduct described above in an amount to be determined at trial.

J. Order Defendant to pay Tracy Taylor punitive damages for its malicious and reckless conduct described above in an amount to be determined at trial.

K. Grant such further relief as the Court deems necessary and proper in the public interest.

L. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in this complaint.

RESPECTFULLY SUBMITTED,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E.,
4th Floor, Room 4NE25N
Washington, D.C. 20507

_____
C. EMANUEL SMITH
Regional Attorney
MS Bar No. 7473

_____
JULIE BEAN
Supervisory Trial Attorney
DC Bar No. 433292

Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
(205) 212-2067 (phone)
(205) 212-2041 (fax)